ELEANORA CIAGLIA, RESPONDENT, v. ANTONIO CIAGLIA, JOSEPH CIAGLIA, ANDREW CIAGLIA, APPELLANTS.

Argued October 18, 1929—Decided February 3, 1930.

For the appellants, *Joseph H. Gaudielle.*

For the respondent, *Thomas Brunetto.*

The opinion of the court was delivered by

LLOYD, J. This is an appeal by the defendants in an alienation suit tried in the Essex Circuit Court before Judge Dungan and a jury, in which the plaintiff recovered a verdict.

Three grounds are argued for reversal:

First, that a nonsuit should have been granted because the venue was improperly laid in Essex county. This was not a ground for nonsuit. The action was begun when the summons was issued regardless of where the venue was laid. If the defendants were injured by the improper laying of the venue in the complaint they should have applied to the court for a change in accordance with section 203 of the Practice act of 1903, page 590.

Second, that the plaintiff had not made out a *prima facie* case. The defendants were the mother and father and a brother of the plaintiff's husband. The testimony of the plaintiff tended to show a course of conduct on the part of the defendants having for its object the estrangement of the husband, and this, the jury might well find, without any justification therefor. This conduct, begun shortly after the marriage of the parties and continued during the period up to their final separation, went far beyond the right of a parent or brother to interfere in the marital relations of the plaintiff and her husband. There was proof, we think, not only of the alienation of the affections of the husband, but also that the defendants were actuated by malicious motives in their efforts to effect the separation. The case could not have been withdrawn from the jury.

Finally it is claimed that the court improperly permitted an interpretation of witnesses' testimony by means other than through an interpreter. On this point we have the certificate of the trial judge that because of the plaintiff's inability to speak English, her testimony had to be taken through an interpreter; that the interpreter had difficulty in translating the questions and the defendant's answers, whereupon it was discussed in chambers, where it was stipulated that whenever counsel for plaintiff disagreed with the interpretation as given by the interpreter he was to be permitted to give his interpretation, and if there was still disagreement between him and the interpreter the interpretation of the interpreter was to be accepted as correct. This course seems to have been the one thereafter pursued and appellant has in consequence no ground of complaint.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.